**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodolfo LLANAS–GARCIA,**
**Defendant–Appellant.**

**No. 05–41437**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 27, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Rodolfo Llanas–Garcia (Llanas) appeals the 51–month prison sentence imposed upon his guilty plea to assaulting a federal agent causing bodily injury while the agent was performing his official duties, in violation of 18 U.S.C. § 111(a)(1) and (b). We AFFIRM.

Llanas contends, for the first time on appeal, that his sentence should be vacated because the district court did not articulate any of the factors set forth in 18 U.S.C. § 3553(a) to the facts of his case, thus failing to exercise or to show that the court exercised its discretion. The plain-error standard of review is applicable. *See United States v. Izaguirre–Losoya,* 219 F.3d 437, 440–42 (5th Cir.2000).

Under the discretionary sentencing scheme established by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). *United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Llanas's sentence is within the guideline range and is presumptively reasonable. *See United States v. Alonzo,* 435 F.3d 551, 553–55 (5th Cir. 2006). We infer in our reasonableness review that the district court considered the § 3553(a) factors, including Llanas's history and characteristics, in imposing sen-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tence. *See Alonzo,* 435 F.3d at 554. Consequently, Llanas is not entitled to relief on grounds of plain error. *See Izaguirre–Losoya,* 219 F.3d at 440–42.

AFFIRMED.

AFFIRMED.

___

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.